1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JILL McNEARNEY,<br><br>                              Plaintiff,<br><br>        v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, DR. STEVEN HAMMOND,<br><br>                              Defendants. | No. C11-5930 RBL/KLS<br><br>ORDER GRANTING MOTION TO COMPEL PRODUCTION |

Presently before the Court is Plaintiff's Motion to Compel Discovery.  ECF No. 25.

Plaintiff Jill McNearney asks for an order compelling Defendant Washington Department of

Corrections (DOC) to fully respond to her sixth interrogatory and fifth request for production.

Having reviewed the motion, DOC's response (ECF No. 28), Plaintiff's reply (ECF No. 29), and

balance of the record, the Court finds that the motion to compel should be granted and that

Plaintiff be awarded her costs and attorney fees.

## BACKGROUND

Plaintiff filed her lawsuit in November 2011.  ECF No. 1.  She challenges prison

officials' refusal to provide her with medical care for an orthopedic condition.  *Id.*  On February

23, 2012, she mailed her First Interrogatories and Requests for Production to DOC's attorney.

ECF No. 26 (Declaration of Hank Balson), ¶ 3, Exh. 1.  The primary discovery requests at issue

in this motion are Request for Production (RFP) No. 5 and Interrogatory No. 6:

ORDER - 1

**Request for Production No. 5**:  To the extent not already produced in response to previous requests, please produce all correspondence, memoranda, e-mails, notes, text messages, voicemail messages, kites, grievances, and other documents that refer or pertain in any way to the Plaintiff's medical and mental health issues that are the subject of this lawsuit.

**Interrogatory No. 6**:  Please describe with specificity the steps you took to locate all e-mails, text messages, voicemail messages, word-processing documents, and other electronic information responsive to Plaintiff's First Requests for Production.  Your answer should include, but should not be limited to, the identity of each computer hard drive, network drive, other storage media, and mobile device you searched, its current location, and, if you are no longer in possession of the computer hard drive, other storage media or mobile device, the date you relinquished possession.  Your answer also should identify each person whose electronic records (including e-mails) were searched for responsive documents, who performed the search, the locations that were searched (e.g., which drives, network locations, folders, etc.), and what search terms were used.

ECF No. 26 (Balson Decl.) ¶ 3, Ex. 1.

DOC initially refused to respond to these requests, asserting the following objections:

**OBJECTIONS [to RFP NO. 5]:** This request is overly broad and unduly burdensome as it is not limited as to time or subject matter related to this lawsuit. Because the request is so broad in part, it is not reasonably calculated to lead to relevant and admissible evidence, as such; the request seeks information that is outside the scope of discovery.  Furthermore, this kind of open-ended interrogatory is a trap for Defendants because it can easily produce claims that the Defendants did not completely respond to the discovery.  As such, this is unduly burdensome.  Moreover, this request seeks information that is irrelevant to the claims raised in Plaintiff's complaint and this request is vague and confusing as it is unclear what Plaintiff means by the terms "pertain" and "in any way."  [I]f plaintiff knows of specific documents or types of documents sought, please identify them so that defendant[s] can understand the documents you want and respond directly.

**OBJECTIONS [to Interrogatory No. 6]:**  This interrogatory is compound. In addition, this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as this request is irrelevant to the Plaintiff's civil rights claim.  Additionally, this request assumes facts not in evidence as the request assumes that the Defendants did not properly determine what information it would search before producing the previously disclosed documents.  Lastly, this request assumes facts not in evidence as storage of the information requested by the Plaintiff in this request is not at issue.  Lastly, if plaintiff knows of specific documents or types of documents sought, please identify them so that

ORDER - 2

defendant[s] can understand the documents you want and respond directly.
ECF No. 26 (Balson Decl.), ¶ 4, Ex. 2.

Counsel conducted a discovery conference on April 10, 2012, during which they discussed several discovery issues, including the above requests.  ECF No. 26 (Balson Decl.), ¶ 5.  Defense counsel agreed to confirm whether his client had any documents that would be responsive to RFP No. 5.  *Id*.  He also said he would further consider whether or not to instruct his client to answer Interrogatory No. 6.  *Id*.

On May 7, 2012, having heard nothing further on the matter, Plaintiff's counsel e-mailed Defendants' attorney, inquiring about the status of the outstanding discovery.  ECF No. 26 (Balson Decl. ¶ 6), Ex. 3.  Counsel exchanged several e-mails discussing whether and when DOC would produce additional discovery.  *Id*.  DOC eventually provided supplemental interrogatory answers (but no documents) on May 22, 2012.  ECF No. 26 (Balson Decl.), ¶ 7, Ex. 4.  In its supplemental answer to Interrogatory No. 6, DOC identified 13 persons whose files were searched for responsive electronically stored information (ESI).  *Id*.  The answer did not identify who searched each person's electronic records, nor did it identify the search terms that were used, as requested by the interrogatory.  *Id*.  The answer did not consistently identify which electronic storage locations were searched and whether those locations were on a user's computer hard drive or a DOC network drive, information also specified in the interrogatory.  *Id*.

DOC's answer to Interrogatory No. 6 revealed that as of May 22, 2012, almost three months after the initial discovery requests, no one at DOC had searched for responsive electronic records from several key witnesses, including Defendant Steve Hammond, M.D., and Ms. McNearney's primary healthcare providers at WCCW, Dr. Mary Colter and ARNP Megan Herdener.  In its initial disclosures, DOC identified six persons deemed "likely to have

ORDER - 3

discoverable information."  ECF No. 26 (Balson Decl.), ¶ 8, Ex. 5.  In a separate interrogatory

answer, the Defendant identified an additional 36 persons (not including those already identified

in initial disclosures) whom it believed may have relevant knowledge.  *Id.* ¶ 7, Ex. 4 at 2-3

(DOC's supplemental answer to Interrogatory No. 2).  But according to DOC's answer to

Interrogatory No. 6, only one of those persons identified (T. Rain Carei) has searched for

responsive ESI.  *Id.* ¶ 7, Ex. 4 at 6-10.

        DOC did not produce any records in response to RFP No. 5, but indicated it would "need

to supplement this request at a later date."  ECF No. 26 (Balson Decl. ¶ 7), Ex. 4 at 11.  After

receiving the supplemental answers, Plaintiff's counsel sent another e-mail to defense counsel,

asking for clarification regarding Interrogatory No. 6 and for confirmation regarding a timeframe

for responding to RFP No. 5.  *Id.* ¶ 9, Ex. 6.  This led to an exchange of emails between counsel

and, ultimately, a telephone conference on May 24, 2012.  *Id.* ¶ 9.  During this conversation,

defense counsel said he would "check on" additional details for the DOC's answer to

Interrogatory No. 6.  *Id.*  He also reported that he was reviewing e-mails responsive to RFP No. 5

and that he intended to produce the documents by May 31, 2012.  *Id.*  As of the date of filing this

motion, Plaintiff states that the DOC had not provided any supplemental information to complete

its answer to Interrogatory No. 6.  *Id.*, ¶ 9.

        On June 1, 2012, Plaintiff received a disc containing 517 pages in response to RFP No. 5.

ECF No. 26 (Balson Decl.), ¶ 10.  Of the 517 pages produced in response to RFP No. 5, at least

324 were Ms. McNearney's medical records, most of which were duplicates of records that had

already been produced in response to RFP No. 2.  *Id.* ¶ 11.  Several of the records were e-mails

that referenced attachments.  However, the attachments were not produced.  *Id.* ¶ 12, Ex. 8.

DOC's response included copies of an "eDiscovery Checklist" which apparently was given to

ORDER - 4

1  some employees to instruct them in preserving and locating responsive electronic information.

2  *Id.* ¶ 13, Ex. 9.   According to this document, employees were instructed to search for electronic

3  information related to "Jill McNearney's right leg dated September 2010 to current."  *Id.*

4  However, Ms. McNearney's discovery requests were much broader than that, seeking documents

5  pertaining to Plaintiff's medical condition, mental health, custody classifications and housing

6  assignments, and allegations that she "cheeked" certain medications.  *Id.* ¶ 3, Ex. 1 (*see*, *e.g.*,

7  RFP Nos. 5, 6, and 7).  Thus, DOC's search for responsive electronic information should not

8  have been limited to records pertaining only to Ms. McNearney's right leg.

9

10      In responding to Interrogatory No. 6, DOC did not identify Defendant Steve Hammond

11  as a person whose electronic records were searched for responsive discovery.  ECF No. 26

12  (Balson Decl. ¶ 7), Ex. 4 at 7-10.  Nevertheless, the DOC's response to RFP No. 5 includes two

13  e-mails apparently located in Dr. Hammond's files.  *Id.* ¶ 14, Ex. 10.  On December 16, 2011,

14  however, Plaintiff's counsel received, in response to an earlier public records request, several

15  more e-mails which listed Dr. Hammond as a sender or recipient.  *Id.* ¶ 15, Ex. 11.  The fact that

16  these e-mails were not produced in response to RFP No. 5 suggests that Dr. Hammond's

17  electronic records have not been thoroughly searched for the purposes of this litigation.  When it

18  produced the documents responsive to RFP No. 5, DOC stated in its supplemental discovery

19  response, "[T]he Defendants continue to determine, what, if any, responsive documents are

20  discoverable and they will supplement these responses should there be additional responsive

21  documents found."  *Id.*, ¶ 10, Ex. 7 at 4 (second supplemental response to RFP No. 5).

22

23      Having no commitment from DOC to produce complete discovery responses by a certain

24  date, and considering the upcoming discovery cutoff of July 20th, Plaintiff's counsel notified

ORDER - 5

DOC's attorney on June 4 that that Plaintiff intended to file this discovery motion.  ECF No. 26 (Balson Decl.), ¶ 16, Ex. 12. Defense counsel responded that his client was "still in the process of answering [Plaintiff's] defective discovery requests" and that once they had located all responsive documents, he would let Plaintiff's counsel know the timeframe for responding.  *Id*. As of the date of filing her motion, Plaintiff had not received additional documents from DOC and no further information regarding Defendant's timeframe for responding.  *Id*. ¶ 17.

Defendant argues that it has provided answers to Plaintiff's discovery requests and has provided over 3,000 pages of requested materials, including 236 pages of relevant medical records.  ECF No. 28, at 1-2.   Defendant also maintains that Plaintiff obtained certain unidentified documents in a public records request and from these documents she has concluded that their document production is deficient.  However, she and her counsel never informed DOC of these alleged deficiencies prior to filing her motion to compel and therefore, the motion to compel must be dismissed for failure to comply with the requirements of Fed.R. Civ. P. 37(a)(1) and CR 37(a)(1)(A).  Defendant DOC also argues that it has not refused to disclose any of the documents referenced in Plaintiff's motion to compel and it is likely any error in its production could have easily been remedied had Plaintiff consulted with it.  ECF No. 28, at 6.

Plaintiff counters that the fact that she did not articulate these two specific issues just prior to filing her motion does not void her multiple good-faith attempts over the previous two months to resolve her discovery disputes without the Court's assistance because at the time these discussions and e-mail exchanges were taking place, DOC still had not produced *any* documents in response to RPF No. 5, so it would have been impossible for her to identify any missing e-mail attachments or any other specific production deficiencies.  ECF No. 29, at 2; ECF 26 (Balson Decl.) ¶¶ 5-9, Exs. 3, 6.

ORDER - 6

Defendant also argues that it has not failed to search for documents and that it has produced electronic records from Dr. Hammond, Dr. Colter, Ms. Herdener, and "additional medical staff". ECF No. 28, at 6. Defendant has currently produced 3,442 pages of documents and on June 22, 2012, after Plaintiff filed her motion to compel, Defendant sent its fourth supplemental response. Defendant maintains that this response includes information identified in Plaintiff's motion to compel. *Id.*, p. 8. Plaintiff states that even these records appear to be incomplete.

DOC produced e-mails that listed Dr. Colter as a sender or recipient, but Dr. Colter did not produce these e-mails in her own ESI production which suggests that she has not yet performed a thorough search for all responsive ESI in her files. ECF No. 30 (Second Declaration of Hank Balson), ¶ 3, Ex. 1. DOC also does not dispute that it has failed to produce e-mail attachments referenced in its prior discovery. *See* ECF 25 at 5. Nor does it dispute that the scope of its electronic search instructions to potential witnesses was much narrower than the scope of Plaintiff's discovery requests. *See id.* at 5.

## DISCUSSION

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

When a party fails to answer an interrogatory under Rule 33 or fails to permit inspection of documents under Rule 34, the requesting party may move the court for an order compelling

ORDER - 7

discovery.  Fed. R. Civ. P. 37(a)(3).  For purposes of such a motion, "an evasive or incomplete

disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed.

R. Civ. P. 37(a)(4).

      A party should, in good faith, confer or attempt to confer with a party failing to make

disclosures in an effort to obtain it without court action.  Fed. R. Civ. P. 37(a)(1).  CR

37(a)(1)(A) states:

> A good faith effort to confer with a party or person not making a disclosure or
> discovery requires a face-to-face meeting or a telephone conference. If the court
> finds that counsel for any party, or a party proceeding pro se, willfully refuses to
> confer, fails to confer in good faith, or fails to respond on a timely basis to a
> request to confer, the court may take action as stated in GR 3 of these rules.

      Furthermore, a court must limit the frequency or extent of discovery . . . [when] the

discovery sought is unreasonably cumulative or duplicative or can be obtained from some other

source that is more convenient, less burdensome, or less expensive.  Fed. R. Civ. P. 26(b)(1)(C).

## A.    Duty to Confer

      DOC acknowledges that Plaintiff and Defendant had two telephone conferences and

multiple e-mail exchanges to address DOC's discovery responses before Plaintiff filed this

motion.   ECF No. 28, at 2-4.  The Court will not dismiss Plaintiff's motion to compel for failure

to comply with Fed. R. Civ. P. 37(a)(1) and CR 37(a)(1)(A).

## B.    Request for Production No. 5

      In responding to a request for production under Fed. R. Civ. P. 34, "a party is required to

produce requested documents if they are within his 'possession, custody, or control.'"  *Kissinger*

*v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 165 n.6 (1980) (Stevens, J.,

concurring in part and dissenting in part).  This includes electronically stored information (ESI).

Fed.R. Civ. P. 34(a)(1)(A).

ORDER - 8

DOC does not dispute that it failed to search for responsive discovery in the files of numerous employees identified as likely having discoverable information or potentially having relevant knowledge. *See* ECF No. 25 at 4. DOC argues that the mere fact an employee might have discoverable information or relevant knowledge does not necessarily mean she possesses relevant documents. ECF 28, at 7. While this is true, DOC is not relieved of its duty to make the inquiry, particularly when DOC has identified the employee as likely having discoverable information or potentially having relevant information. DOC asserts that it has now produced electronic records created by Dr. Colter and Ms. Herdener. ECF No. 28, at 6. According to Plaintiff, these records, which were produced *after* Plaintiff filed her discovery motion, do not appear to be complete. For example, DOC produced a number of e-mails that list Dr. Colter as a sender or recipient. However, Dr. Colter did not produce these e-mails along with her own ESI production, suggesting that she has not yet performed a thorough search for all responsive ESI in her files. ECF No. 30 (Second Decl. of Hank Balson), ¶ 3, Ex. 1.

DOC also does not dispute that it has failed to produce e-mail attachments referenced in its prior discovery. ECF No. 25, at 5. It also does not dispute that the scope of its electronic search instructions to potential witnesses was much narrower than the scope of Plaintiff's discovery requests. *See id*. at 5.

Defendant's production of *some* documents in response to RFP No. 5 does not satisfy its duty to make a reasonable search for and produce all responsive documents in its possession, custody, or control. Despite its original objection that RFP No. 5 was unduly burdensome because it was "a trap for Defendants," (ECF No. 25, at 3), DOC has not demonstrated that conducting a thorough search for responsive ESI would pose an undue burden or cost, as required in responding to a motion to compel. Fed. R. Civ. P. 26(b)(2)(B).

ORDER - 9

Therefore, Plaintiff's motion to compel a more thorough response to Request for Production No. 5 is **granted.**

**C.      Interrogatory No. 6**

Plaintiff argues that DOC's answer to Interrogatory No 6 was incomplete insofar as it omitted specific information requested, including the identity of persons who performed the ESI searches, the ESI storage locations that were searched, and the search terms that were used.  ECF No. 25, at 4; 8.  DOC does not dispute this assertion.  Instead, it argues that it should not be required to respond with information pertaining to all potential witnesses because those persons do not necessarily have responsive ESI.  ECF No. 28 at 8.

Interrogatory No. 6 does not require DOC to search for ESI in any particular location or in the files of any particular witness.  It requires Defendant to describe the specific steps it took to locate ESI that is responsive to Plaintiff's First Requests for Production.  ECF No. 26 (Balson Decl.) ¶ 3, Ex. 1.

DOC argues that Interrogatory No. 6 is "vague, over-broad and not likely to lead to the discovery of admissible evidence as it is currently worded."  ECF No. 28 at 7.  However, Defendant did not object to this interrogatory as vague or overbroad in its initial answer (ECF No. 26 ¶ 4, Ex. 2), and it may not do so now.  *See, Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citation omitted).  Moreover, this interrogatory is calculated to lead to the discovery of admissible evidence as it seeks to discover whether Defendant has made a reasonable and thorough search for responsive electronic records that may yield admissible evidence.  Defendant offers no compelling reason why it should be relieved from fully answering the interrogatory in this case. ECF No. 28 at 9.  Accordingly, Plaintiff's motion to compel a more complete response to this interrogatory is **granted.**

ORDER - 10

**D.    Attorney's Fees**

Pursuant to FRCP 37(a)(5)(A), if a motion to compel is granted, "the court must ... require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  However, no payment is justified if "the opposing party's nondisclosure, response, or objection was substantially justified" or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).  Substantial justification exists if there is a "genuine dispute" or "if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (citations omitted).

If a party produces requested discovery after its opponent files a discovery motion, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Defendant supplemented it discovery responses after Plaintiff filed her motion to compel. As noted above, it does not appear that its production is yet complete.  Therefore, Plaintiff is entitled to reasonable expenses in bringing her motion.

Accordingly, it is **ORDERED:**

(1)    Plaintiff's motion to compel (ECF No. 25) is **GRANTED.**

ORDER - 11

(2)     Defendant DOC shall produce to Plaintiff's counsel **on or before September 14, 2012,**[1] all documents in its possession, custody, or control that are responsive to Plaintiff's Request for Production No. 5 and shall provide a complete answer to Plaintiff's Interrogatory No. 6.  Defendant DOC shall further certify that all employees with potentially responsive documents searched all locations where such documents are typically stored in paper or electronic format.

(3)     Pursuant to Fed. R. Civ. P. 37(a)(5), Plaintiff is entitled to recover her reasonable expenses incurred in bringing this motion, including attorney's fees. Plaintiff may file a motion and declaration identifying the amount of expenses incurred related solely to this motion to compel.

(4)     The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.


**DATED** this <u>1st</u> day of August, 2012.


Karen L. Strombom
United States Magistrate Judge

---

[1] On July 23, 2012, the discovery deadline was extended (to July 20, 2012 or thirty days after receipt of a specialist's recommendation if the Court adopts the undersigned's Report and Recommendation (ECF No. 27)) solely for the purpose of allowing the parties to complete deposition discovery.  ECF No. 34.

ORDER - 12