UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JILL McNEARNEY,<br><br>                Plaintiff,<br><br>     v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS and DR. STEVEN HAMMOND,<br><br>                Defendants. | No. C11-5930 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**NOTED FOR:  January 25, 2013** |

Before the Court is Defendants' Motion for Modification of Court's Injunction Order. ECF No. 44.  Defendants move this Court to modify the Injunction Order recommended at ECF No. 27, page 28, and adopted by the District Court on August 16, 2012.  ECF No. 36.  Plaintiff has filed no opposition to Defendants' request to modify the Injunction Order.

**BACKGROUND**

On April 12, 2012, the Plaintiff filed a motion for a preliminary injunction against the Defendants.  ECF No. 10.  On August 16, 2012, the Court adopted the Magistrate Judge's report and recommendation (ECF No. 27) granting the Plaintiff's request for injunctive relief. ECF No. 36.  The Court ordered the Defendants to arrange for an evaluation by a foot and ankle specialist at Harborview Medical Center as soon as Harborview's schedule permitted.  ECF No. 27, at 28. Once the specialist issued a report and recommendation, the Defendants were allowed to dispute the specialist's recommendation by filing a motion to modify the Court's Order within

REPORT AND RECOMMENDATION- 1

twenty-one (21) days after receiving the specialist's recommendation. ECF No. 27, at 28. Should the Defendants agree with the specialist's recommended treatment, the Court ordered the Defendants to "authorize, perform, and/or facilitate any treatment recommended. . . ." ECF No. 27, at 28.

On September 14, 2012, Ms. McNearney was seen by Dr. Michael E. Brage at the Foot and Ankle Institute at Harborview Medical Center.  ECF No. 44, Exhibit 1, Declaration of Megan E. Herdener, ¶ 3.  Dr. Brage requested a magnetic resonance imaging (MRI) of Plaintiff's lower extremity before he could offer a complete diagnosis. *Id.*, ¶ 4.  On October 3, 2012, the Plaintiff had an MRI and the Department sent the MRI report and the images to Dr. Brage on October 4, 2012.  *Id.*, ¶ 5.

On November 15, 2012, Megan Herdener, the Advanced Nurse Practitioner Lead at Washington Corrections Center for Women (WCCW), received Dr. Brage's final report and recommendation regarding Ms. McNearney's foot and ankle condition after numerous contacts with staff at the University of Washington Foot and Ankle Institute at Harborview Medical Center inquiring when it would send Dr. Brage's final report.  ECF No. 44, Exhibit 1 (Herdener Decl.), ¶ 6.  In his report, Dr.Brage's assessment was that Ms. McNearney:

> [S]uffers from severe posttraumatic arthritis of the ankle with a pes planovalgus deformity. Her tendons are intact. She has a severe nerve palsy and motor deficits.

*Id.*, Exhibit 1 (Herdener Decl.), Attachment A, at 6.  Dr. Brage then recommended:

> At an elective time, she [Ms. McNearney] would need her ankle fused and her flatfoot corrected. This surgery can be done on an inpatient stay for one to two days of postop pain control. She will be nonweightbearing for the duration of healing, and then she will need rehabilitation.

*Id.*, Exhibit 1 (Herdener Decl.), Attachment A, at 6-7.

REPORT AND RECOMMENDATION- 2

On November 27, 2012, Ms. Herdener met with Ms. McNearney twice to review Dr. Brage's recommendations with her. During their first appointment, Ms. McNearney informed Ms. Herdener that Dr. Brage's report "addresses nothing" and Ms. McNearney felt Dr. Brage's recommendation is just the "quickest, easiest, most temporary solution." ECF No. 44, Exhibit 1 (Hedener Decl.), ¶ 7. When Ms. Herdener asked Ms. McNearney what intervention she desires for her right lower extremity, Ms. McNearney indicated that she was unsure and she requested time to think about her options and agreed to return to the clinic in a few hours. *Id.*, ¶ 7. Later that day, Ms. McNearney returned to the clinic and informed Ms. Herdener that she is not ready to proceed with the surgery recommended by Dr. Brage. Ms. McNearney indicated that she has several questions and concerns regarding the procedure recommended by Dr. Brage. Ms. Herdener helped Ms. McNearney frame her questions and faxed Ms. McNearney's questions to Dr. Brage and is awaiting his response. Ms. Herdener is unsure when she will receive a response from Dr. Brage and anticipates that he could take a few weeks to respond to Ms. McNearney's questions based on Ms. Herdener's prior experience with Dr. Brage. *Id.*, ¶ 8.

Ms. McNearney is eligible for early release on January 18, 2013, and she is currently scheduled to be released on her early release date. ECF No. 44, Exhibit 1 (Herdener Decl.), ¶ 9.

## DISCUSSION

Defendants ask the Court to modify its injunction for clarity and have it end upon Ms. McNearney's release from WCCW. ECF No. 44.

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), a court shall not grant or approve prospective relief unless the court finds "such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. . . ." 18 U.S.C. § 3626(a)(1)(A).

REPORT AND RECOMMENDATION- 3

Additionally, a court shall not order any prospective relief that requires or permits a government official to exceed his or her authority under State or local law unless federal law requires the relief, the relief is necessary to correct a violation of a federal right, and no other relief will correct the violation of the federal right. 18 U.S.C. § 3626(a)(1)(B).

When prospective relief is ordered, it will be terminated upon motion of any party, in pertinent part, two years after the date the court granted or approved the prospective relief or one year after the date the court has entered an order denying termination of prospective relief. 18 U.S.C. § 3626(b)(1). However, a party may seek modification or termination prior to the aforementioned time limits if the modification or termination is legally permissible. 18 U.S.C. § 3626(b)(4).

Defendants do not object to Dr. Brage's surgical recommendation. The Court's order requires the Defendants to authorize, perform, and/or facilitate the recommendation by Dr. Brage if the Defendants do not oppose the recommended treatment. *See* ECF No. 27, at 28. However, Ms. McNearney has refused the recommended surgical procedure and Defendants cannot facilitate Dr. Brage's recommended course of action unless Ms. McNearney consents to the recommended surgical procedure.

In addition, Ms. McNearney's early release date is January 18, 2013, and Ms. McNearney will likely be released on this date. ECF No. 44, Exhibit 1 (Herdener Decl.), ¶ 9. After Ms. McNearney is released, the Department of Corrections (Department) no longer has control over Ms. McNearney's medical care, and Ms. McNearney will be free to pursue her own medical treatment. Moreover, since Ms. McNearney has, in the short term, declined to go forward with the procedure recommended by Dr. Brage until she is able to have some questions answered; it is possible that Ms. McNearney will be released from the Department's custody by the time Dr.

REPORT AND RECOMMENDATION- 4

Brage is available to perform the recommended surgical procedures.  Additionally, Dr. Brage's report clearly indicates that his only recommended treatment is an elective surgical procedure and there is not an emergent need to perform the procedure right now.  ECF No. 44, Exhibit 1 (Herdener Decl.), Attachment A, at 6.

Therefore, based on Dr. Brage's report and the current circumstances faced by the Defendants, the Court's order is not narrowly drawn or the least intrusive means necessary to correct the alleged violation, and it may, unintentionally, require the Defendants to exceed their authority regarding Ms. McNearney's medical care when it requires the Defendants to potentially facilitate an elective medical procedure even after Ms. McNearney is released from the Department's custody and control.

## CONCLUSION

Based on the foregoing, the undersigned recommends that the Court grant Defendants' Motion for Modification of Court's Injunction Order (ECF No. 44).  The Court should modify the Injunction Order (ECF No. 27) on page 28 (adopted by Order at ECF No. 36), as follows:

> 5)      If the Defendants do not oppose the treatment recommendation by the foot and ankle specialist at the Foot and Ankle Institute at Harborview Medical Center, the Defendants shall authorize, perform, and/or facilitate the recommended treatment should Ms. McNearney elect to have the recommended surgical procedure while she is in the custody of the Department of Corrections.
>
> 6)      This order will automatically terminate upon the release of the Plaintiff from the Department of Corrections' custody.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the

REPORT AND RECOMMENDATION- 5

time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 25, 2013**, as noted in the caption.

DATED this  9th  day of January, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION- 6